NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

Eastern District of Kentucky
FILED
SEP 0 9 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-211-KSF

OSCAR GILBERT            PETITIONER

VS: **MEMORANDUM OPINION AND ORDER**

JOE BOOKER            RESPONDENT

The petitioner, an inmate presently confined at the Federal Medical Center in Lexington, Kentucky, has filed a 28 U.S.C. §2241.

## CLAIM

The petitioner claims he has been subjected to due process violations because of the allegedly unlawful enforcement of a detainer. The detainer is based upon a state probation violation arrest warrant.

## RESPONDENTS

The named respondents are the Federal Medical Center at Lexington, Kentucky, and its officials: Warden Joe W. Booker, Jr., and Inmate Systems Manager Denise Sheets. The only properly named defendant is Warden Booker.

## RELIEF

The petitioner seeks to have the detainer quashed.

## EVALUATION

The petitioner claims that pursuant to Article III of the Interstate Agreement on Detainers ("IAD"), he was guaranteed resolution of his state probation violation-based detainer within 180

1

days after he served appropriate notice on the appropriate state officials that he sought "final disposition to be made of the indictment, information or complaint." He claims he has long since properly served such notice; however, no final disposition has been forthcoming. The petitioner claims Article III of the IAD entitles him to presently have this Court quash the detainer.

The petitioner takes issue with the Bureau of Prisons' conclusion that his probation violation-based detainer is not subject to Article III of the Interstate Agreement on Detainers. The petitioner relies on *Nash v. Jeffes*, 739 F.2d 878( 3rd Cir. 1984), as support for his contention that detainers based upon probation violations are subject to Article III of the IAD. However, the petitioner's reliance on *Nash*, as he has incompletely cited it, is inappropriate. The full citation for *Nash* concludes with the phrase, "*rev'd sub nom Carchman v. Nash*, 473 U.S. 716, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985)."

Detainers based upon probation violations are not considered under the Interstate Agreement on Detainers. *Id.* A probation violation charge, which does not initiate a new prosecution by accusing an individual of having committed a different and separate criminal offense, does not come within the terms of Article III. *Hopkins v. Kentucky Parole Board*, 875 F.2d 864 (Table), 1989 WL 56189 (6th Cir. (Ky.)) (citing *See Carchman v. Nash*, 473 U.S. 716, 724-25 (1985)); *see also Noble v. Scibana*, 2004 WL 2011440 (W.D. Wis., Sept. 3, 2004) (Slip Copy).

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1) Petitioner's request for a writ of habeas corpus is **DENIED.**

(2) This action is **DISMISSED** with prejudice.

(3) This is a **FINAL** and **APPEALABLE** Order, and there is no just cause for delay.

2

(4) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F3d. 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This the 9th day of Sept., 2005.

KARL S. FORESTER, SENIOR JUDGE